FREESE & FERGUSON v. THE CO-OPERATIVE COAL CO., DEFENDANT, AND ANOTHER, GARNISHEE.

1. **Garnishment**: REPLY TO ANSWER OF GARNISHEE: ISSUES LIMITED BY. While it may be that a formal reply to the answer of a garnishee is not necessary in order to enable a plaintiff to dispute by evidence its truthfulness, yet, if plaintiff does file a reply setting up the facts upon which he bases his denial of the answer, the issues are limited thereby; and it was error in such a case for the court to present to the jury an issue of fraud not pleaded.

*Appeal from Appanoose Circuit Court.*

FRIDAY, SEPTEMBER 25.

THE plaintiff, in an action by attachment against the defendant, the Co-operative Coal Company, caused Silknitter to be served with process of garnishment. He answered, denying indebtedness to defendant. The plaintiff filed an answer to the garnishee's answer, denying its allegations, and averring that the garnishee does owe the defendant, and has money and property in his hands belonging to defendant. In this answer it is alleged that the coal mine and appurtenances belong to defendant. The garnishee replied to the answer, denying, in general terms, the allegations thereof. The cause as to the garnishee was tried to a jury, and a verdict had for plaintiff, upon which a judgment was rendered. The garnishee appeals.

*George D. Porter*, for appellant.

*Tannehill & Fee*, for appellees.

BECK, CH. J.—I. Plaintiffs claim that the garnishee is indebted to defendant on account of certain transactions connected with the lease of coal lands and the subsequent surrender of the lease to the garnishee. It appears that he leased the land to the defendant, or its stockholders, prior to its incorporation, for a certain royalty per bushel on all coal mined under the lease. This royalty being in arrear, the defendant surrendered the lease, and transferred all improvements it had put upon the land to the garnishee in satisfaction of the sum due for royalty. This is the garnishee's version of the transaction.

II. The plaintiffs claim, as it appears from their answer, that the coal mine, or rather the lease thereof, and the improvements made by defendant, are still its property, and that whatever possession the garnishee holds is as of property of defendant. It is not alleged in any pleadings of plaintiffs that the surrender of the lease and transfer of the property by defendant to the garnishee were fraudulently made. And, indeed, it does not appear that the case was tried in view of such an issue. The plaintiffs surely did not put in issue the good faith of the surrender of the lease and the transfer of the other property, by simply alleging that the property belonged to defendant. This is all that the answer amounts to.

III. The circuit court directed the jury to determine the good faith of the garnishee's transactions, and gave instructions enabling the jury to determine whether they were or were not fraudulent. We think these instructions should not have been given, for the reason that no issue of fraud was presented by the pleadings. It is possible that formal pleadings are not necessary in reply to the answer of a garnishee in order to enable a plaintiff to dispute by evidence

its truthfulness. But it cannot be doubted that, when the plaintiff does file an answer setting up the facts upon which he bases the denial of the garnishee's answer, thus presenting an issue of fact, he cannot depart therefrom and ask recovery upon grounds not pleaded.

It is our conclusion that in the instructions above referred to the court erred. Other questions discussed by counsel need not be considered.

REVERSED.